# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:14cv309-FDW

| | |
|---|---|
| DRON DESHAWN HINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Dron Deshawn Hines's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1. See Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

## I. BACKGROUND

Petitioner was convicted by a Buncombe County, North Carolina jury of one or more drug offenses. Pet. 1, ECF No. 1. Judgment was entered on July 3, 2014, and Petitioner was sentenced to an active prison term of 10 to 21 months. Pet., supra, at 1. Petitioner did not seek direct review by the North Carolina appellate courts or file a motion for appropriate relief (MAR) with the state superior court in Buncombe County. Pet., supra, at 3-4. Instead, he has filed a habeas petition in this Court pursuant to § 2254.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court.

1

28 U.S.C. § 2254(b)(1)(A).[1] To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioner concedes that he did not seek direct review of his conviction(s) and sentence by the North Carolina appellate courts. Pet. 3, ECF No. 1. He also has not sought post-conviction relief by way of an MAR in Buncombe County superior court. Pet., supra, at 4. Consequently, the Court finds that Petitioner has failed to fully exhaust his state remedies. The Court will dismiss this habeas petition without prejudice to re-filing upon proper exhaustion.

The Court takes no position as to what, if any, procedural avenues may yet be available to Petitioner in the Court of Appeals or Supreme Court of North Carolina. The Court notes, however, that North Carolina's statutory Motion for Appropriate Relief process may be available to Petitioner. See N.C. Gen Stat. § 15A–1411 et seq.

Petitioner is forewarned that a § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on or about July 17, 2014, i.e., when his time to file a notice of appeal in the North Carolina Court of Appeals expired. N.C. R. App. P. 4(a)(2). The federal statute of limitations period then ran for approximately 140 days until Petitioner filed the instant § 2254 petition. Because Petitioner's sentence is relatively short and he has almost completed the minimum imposed, the Court will toll the time during which Petitioner's habeas petition was pending in the district court, nunc pro tunc to December 5, 2014.[2] Petitioner, therefore, has 225 days remaining under the federal statute of limitations to file a new § 2254 petition with properly exhausted claims.

Petitioner should note, however, that the statute of limitations will begin to run again upon entrance of the instant Order. While the limitations period will be tolled while a properly filed state post-conviction action, such as an MAR, is before the state courts, § 2244(d)(2), Petitioner must be mindful that the limitations period will otherwise run.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED** without prejudice as unexhausted; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c),

---

[2] Petitioner's § 2254 habeas petition was filed in the district court on December 5, 2014. ECF No. 1. Petitioner did not pay the required $5.00 filing fee or submit a motion to proceed in forma pauperis with his Petition, however, so notice was sent that no action would be taken on his Petition until he filed one or the other. Petitioner paid the filing fee on January 12, 2015.

a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: January 21, 2015

Frank D. Whitney
Chief United States District Judge