UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv309-FDW

DRON DESHAWN HINES,          )
                             )
           Petitioner,       )
                             )
vs.                          )       **ORDER**
                             )
STATE OF NORTH CAROLINA,     )
                             )
           Respondent.       )
_____)

**THIS MATTER** is before the Court upon Petitioner Dron Deshawn Hines's Motion for Reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. No. 4.)

**I. BACKGROUND**

Petitioner was convicted by a Buncombe County Superior Court jury of one or more drug offenses. (Pet. 1, Doc. No. 1.) Judgment was entered on July 3, 2014, and Petitioner was sentenced to 10 to 21 months imprisonment. (Pet., supra, at 1.) Petitioner did not seek direct review by the North Carolina appellate courts or file a motion for appropriate relief ("MAR") with the state superior court in Buncombe County prior to filing a petition for writ of habeas corpus pursuant to 28 U.S. § 2254 in this Court on December 5, 2014. (Pet., supra, at 3-4.)

On January 21, 2015, this Court entered a Judgment and Order dismissing Petitioner's habeas petition without prejudice for failure to exhaust his available remedies in the state courts as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(b)(1)(A). (Doc. Nos. 2-3.) On March 2, 2015, the Court received a letter from Petitioner stating that after filing his habeas petition and before receiving the Court's Order dismissing the

1

same, he had filed an MAR in the Superior Court of Buncombe County. (Letter 3, Doc. No. 4.) According to Petitioner, he filed the MAR on January 7, 2015, and it was denied on January 16, 2015. (Letter, supra.) Petitioner states his belief that he now has exhausted his remedies in the state courts. (Letter, supra, at 4.)

**II. DISCUSSION**

It appears that Petitioner is seeking reconsideration of the Court's Order dismissing the habeas petition on exhaustion grounds. Therefore, the Court will construe Petitioner's letter as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (holding that a motion seeking a remedy for some defect in the habeas review process will generally be deemed a proper motion to reconsider).

As explained in the Court's Order dismissing the habeas petition, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court.

---

[1] The letter is not dated, but the envelope in which it was sent bears a February 25, 2015 postage date, which is more than 28 days after judgment was entered in this case. See Fed. R. Civ. P. Rule 59(e). Federal Rule of Civil Procedure 60(b) provides for post-judgment relief where the moving party demonstrates:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)

(Order 1, Doc. No. 2.) To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This generally means <u>all</u> relevant state courts, including the appellate courts.

It appears from Petitioner's letter that he has not yet sought appellate review of the Buncombe County Superior Court's Order denying his MAR by filing a certiorari petition in the North Carolina Court of Appeals pursuant to N.C. Gen. Stat. § 15A–1422(c)(3) and N.C. R. App. P. 21(e). Therefore, he has not demonstrated that he has exhausted his state court remedies, and his Rule 60(b) Motion shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court shall docket Petitioner's March 2, 2015 letter, (Doc. No. 4), as a Motion for Reconsideration pursuant to Rule 60(b);

2. Petitioner's Motion for Reconsideration pursuant to Rule 60(b) is **DENIED**; and,

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 2, 2015

Frank D. Whitney
Chief United States District Judge